

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| REGINA HALMON,<br>　　　　Employee,<br>v.<br>CONTEMPORARY SERVICES<br>CORPORATION,<br>　　　　Employer,<br>And<br>PROTECTIVE INSURANCE,<br>　　　　Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.:　2016-08-1299<br><br>State File No.: 83510-2014<br><br>Judge Deana C. Seymour |

## EXPEDITED HEARING ORDER

This case came before the undersigned Workers' Compensation Judge for an Expedited Hearing on July 12, 2017. The present focus of this case is Ms. Halmon's entitlement to medical benefits for an alleged work-related left foot injury. The issues before the Court include (1) whether Ms. Halmon provided adequate notice of an injury to her employer; and (2) whether Ms. Halmon's alleged injury arose out of and in the course and scope of her employment. For the reasons set forth below, the Court holds Ms. Halmon did not come forward with sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits on these issues.

### History of Claim

Ms. Halmon worked as an event staff employee for Contemporary Services Corporation (CSC) on June 9, 2016, when she claimed a co-worker stepped on her left foot and crushed her middle toe. Ms. Halmon insisted she reported the incident to store manager Reggie Reed and office manager Suzette Hughes in June. Ms. Hughes denied Ms. Halmon gave CSC notice in June. As a result, CSC did not prepare a first report of

1

injury, and Ms. Halmon saw Dr. Nathan Coleman, a podiatrist, who had previously treated her for a non-work-related left foot disorder.[1]

Ms. Halmon saw Dr. Coleman within two weeks of her claimed injury on June 22, but did not mention a work incident. Dr. Coleman's records contained no mention of a crush injury. Instead, they indicated Dr. Coleman did not see any new wounds and that Ms. Halmon's left foot had been stable for the past month. However, her foot condition worsened over the next three weeks, and Dr. Coleman surgically amputated her middle toe. The first mention of the June 9 incident appears in a September 29 record when Ms. Halmon called Dr. Coleman's office to ask why Dr. Coleman amputated her toe.

Ms. Halmon asked the Court to order CSC to reimburse her health insurance carrier for the medical bills it paid in connection with her alleged work injury. CSC urged the Court to deny Ms. Halmon's request for benefits, arguing that Ms. Halmon failed to give adequate notice and to introduce any medical opinion in support of her claim.

## Findings of Fact and Conclusions of Law

### *Legal Principles*

Ms. Halmon bears the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, at an Expedited Hearing, she does not have to prove every element of her claim by a preponderance of the evidence. Rather, she must present sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

### *Notice*

The Workers' Compensation Law mandates that "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." Tenn. Code Ann. § 50-6-201(a)(1) (2016). The statute further provides that "[n]o compensation shall be payable . . . unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, *unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal* to which the claim for compensation may be presented." *Id.* (emphasis added). When an employer raises lack of notice as a defense, the burden shifts to the employee to show

---

[1] Dr. Coleman surgically corrected Ms. Halmon's left hammertoe condition six months before her claimed middle toe injury.

that notice was given, the employer had actual notice, or failure to give notice was reasonable under the circumstances. *Hosford v. Red Rover Preschool*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Oct. 2, 2014). The notice requirement contained in section 50-6-201 "exists so that the employer will have the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee." *Buckner v. Eaton Corp.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 84, at *6-7 (Nov. 9, 2016).

Applying the law to the facts of this case, Ms. Halmon testified that on June 9, she told Suzette Hughes, CSC's office manager, that a co-worker had stepped on her foot and crushed her middle toe. She also claimed to have told the store manager, Reggie Reed, of the claimed injury. According to Ms. Halmon, neither Ms. Hughes nor Mr. Reed completed the necessary paperwork to trigger medical benefits. Ms. Hughes countered that Ms. Halmon never reported a work-related injury until she filed a Petition for Benefit Determination in November 2016.

At this juncture, the Court finds the evidence of notice weighs in favor of CSC. Dr. Coleman's medical records validate Ms. Hughes' testimony. Ms. Halmon saw Dr. Coleman within two weeks of her claimed injury. She did not tell Dr. Coleman about a work injury to her left foot, and Dr. Coleman did not observe any new wounds. He found her foot was stable. Dr. Coleman's records never mentioned CSC. They did not mention a co-worker stepped on her foot until September after Dr. Coleman had amputated her toe. Therefore, the Court concludes Ms. Halmon did not come forward with sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits.

*Causation*

Given the findings regarding notice, the Court need not address the issue of causation. However, the Court notes that Ms. Halmon did not offer any medical proof that an injury to her toe arose primarily out of and in the course and scope of her employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Halmon's claim against CSC for the requested medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on September 18, at 9:30 a.m. Central Standard Time. The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without the parties' participation.

3

ENTERED this the 28th day of July, 2017.

_____
JUDGE DEANA SEYMOUR
Court of Workers' Compensation Claims

## APPENDIX

Exhibits:

1. Affidavit of Regina Halmon
2. Form C-20 Employer's First Report of Work Injury
3. Form C-23 Notice of Denial of Claim for Compensation
4. Form C-41 Wage Statement
5. Medical records Dr. Nathan Coleman

Technical record:

1. Petition for Benefit Determination
1a. Petition for Benefit Determination (additional information attached)
2. Dispute Certification Notice
3. Request for Expedited Hearing and attached affidavit
4. Amended Request for Expedited Hearing
5. Statement of the Employer

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the  28th  day of July, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Regina Halmon, Employee | X | | | 1009 Alaska Street Memphis, TN 38107 |
| David Weatherman, Employer's Counsel | | | X | david.weatherman@zurichna.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**